IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CHARLES FOLEY, Individually and on Behalf of All Others Similarly Situated<br><br>PLAINTIFF<br><br>vs.<br><br>WILDCAT INVESTMENTS, LLC,<br><br>DEFENDANT | No. 2:21-cv-5234-SDM-KAJ<br><br>JUDGE SARAH D. MORRISON |

**PLAINTIFF'S SUPPLEMENTAL BRIEF**

### I. INTRODUCTION

Plaintiff Charles Foley ("Plaintiff"), individually and on behalf of all others similarly situated, filed his Motion for Conditional Certification ("Plaintiff's Motion") pursuant to Section 216(b) of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA") on March 1, 2022 (ECF No. 14). On Friday, May 19, 2023, the Sixth Circuit issued its decision in *Clark, et al. v. A&L Homecare and Training Ctr, et al.*, 2023 U.S. App. LEXIS 12365 (6th Cir. 2023). On June 12, 2023, this Court issued an Order instructing Plaintiff to file a Supplemental Brief (ECF No. 20). In compliance with *Clark, et al. v. A&L Homecare and Training Center, LLC, et al.,* Plaintiff can show a 'strong likelihood' that the proposed potential plaintiff employees are similarly situated and as such, Plaintiff's Motion seeking approval and distribution of a notice to potential plaintiffs, and for disclosure of contact information for such purposes should be granted.

## II. LEGAL STANDARD POST *CLARK, ET AL. V. A&L HOMECARE AND TRAINING CENTER, LLC, ET AL.*

The *Clark* decision did not change the legal standard regarding the meaning of "similarly situated" employees. While the *Clark* court rejected the *Lusardi* lenient, two-step process, it did not change the Sixth Circuit law regarding what it means to be "similarly situated." Employees are still "similarly situated" if they "'suffer from a single, FLSA-violating policy' or whose 'claims [are] unified by common theories of defendants' statutory violations, even if the proofs of these theories are inevitably individualized." *Monroe v. FTS USA, LLC*, 860 F.3d 389, 397 (6th Cir. 2017) (quoting *O'Brien v. Ed Donnelly Enters.*, 575 F.3d 567, 584-85 (6th Cir. 2009)); *see also Clark* at *9-10 ("Whether other employees are similarly situated for the purpose of joining an FLSA suit typically depends on whether they performed the same tasks and were subject to the same policies—as to both timekeeping and compensation—as the original plaintiffs were."). Instead, the Sixth Circuit in *Clark* gave guidance to the district courts as to how it should review motions for court-supervised notice pursuant to 29 U.S.C. § 216(b).[1]

The Sixth Circuit only altered the framework of how courts are to review potential collective actions pursuant to 29 U.S.C. § 216(b). Instead, *Clark* endorsed borrowing the standard from preliminary injunction cases that requires the plaintiff to show a "'strong likelihood' that those employees are similarly situated to the plaintiffs themselves." *Clark* at *13. The Sixth Circuit advised: "A district court's determination to facilitate notice in an FLSA suit is analogous to a

---

[1] The plaintiffs in *Clark* asked the Sixth Circuit to formally adopt the two-step, lenient standard for "conditional certification" to send notice pursuant to 29 U.S.C. § 216(b) that was first adopted by *Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J. 1987). Although the Sixth Circuit to date had not addressed the *Lusardi* two-step process, most district courts within the Circuit followed *Lusardi*. The *Clark* defendants asked the Sixth Circuit to adopt the Fifth Circuit's approach which rejected *Lusardi* and adopted the approach where district courts were required to "make a 'final' determination of substantial similarity" before facilitating notice. *Swales v. KLLM Transport Services, L.L.C.*, 985 F. 3d 430, 434 (5th Cir. 2021). The Sixth Circuit rejected both approaches.

court's decision whether to grant a preliminary injunction. Both decisions are provision, in the sense that the court renders a final decision on the underlying issue (whether employees are "similarly situated" here, success on the merits there) only after the record for that issue is fully developed; yet both decisions have immediate consequences for the parties." *Id.* at *11 – 12. The Sixth Circuit held that a district court should not send notice to current and former employees unless there is a 'strong likelihood' that they are similarly situated. *Clark*, 2023 U.S. App. LEXIS 12365 at *12. Plaintiff maintains that this has always been the purpose of requesting court supervision of the notice process pursuant to 29 U.S.C. § 216(b), so the *Clark* decision does not alter the court-supervised notice landscape. Pursuant to the FLSA, a court must issue court-supervised notice brought "by any one or more employees for and on behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). Similarly situated employees are permitted to "opt into" an action filed by a co-worker. *See Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 546 (6th Cir. 2006). Plaintiffs are similarly situated "when they suffer from a single, FLSA-violating policy, and when proof of that policy or of conduct in conformity with that policy proves a violation as to all the Plaintiffs." *O'Brien*, 575 F.3d at 585. Showing a "unified policy" of violations is not required. *Id.* at 584. Plaintiffs "need only show that [their] positions [are] similar, not identical to the positions held by the putative class members." *Hawkins v. Extended Life Homecare Ltd.*, No. 2:18-CV-344, 2019 WL 952737, at *2 (S.D. Ohio Feb. 27, 2019) (citing *Lewis v. Huntington Nat'l Bank*, 789 F. Supp. 2d 863, 867-68 (S.D. Ohio 2011)); *see also Comer*, 454 F.3d at 546-547.

To assist courts within the Sixth Circuit to determine if employees are similarly situated, the *Clark* court analogized a district court's determination to facilitate notice to the standard for granting a preliminary injunction. *See Clark* at *11-12. Finding that three of the four preliminary

injunction prongs were "inapposite," it settled on the fourth prong as guidance. *Id*. at 12. Specifically, the court held that "the plaintiffs must show a 'strong likelihood' that those employees are similarly situated to the plaintiffs themselves." *Id*. This defined standard "requires a showing greater than the one necessary to create a genuine issue of fact, but less than the one necessary to show a preponderance." *Id*. The *Clark* court disagreed with the defendant that a determination on whether other employees are "actually" similarly situated should, or even could, occur in the absence of these employees. *Id.* The majority opinion stressed that the standard is not whether the named plaintiffs would succeed on the merits, only whether the named plaintiffs have a substantial likelihood that they will succeed in demonstrating that the employees they seek to send notice to are similarly situated. *Id*. The court highlighted the fact that while both decisions were "provisional," the difference in the focus of the district court's inquiry between notice pursuant to 29 U.S.C. § 216(b) and a preliminary injunction is that the former focuses on "whether employees are 'similarly situated'" and the latter focuses on "success on the merits." *Id*. In recognizing that difference, the Sixth Circuit upholds the lower court decisions in the Circuit that have held that the court-supervised notice inquiry does not involve questions of success on the merits of the underlying FLSA claims, only success in demonstrating whether the employees are similarly situated to bring those FLSA claims in the complaint as filed.

### III. ANALYSIS

**A. Plaintiff Can Show a 'Strong Likelihood' That The Proposed Potential Plaintiff Employees Are Similarly Situated and Therefore Are Entitled to Notice.**

The definition of "similarly situated" was established by prior Sixth Circuit precedent which the Clark court merely affirmed. The court ruled that "typically, similarly situated plaintiffs 'performed the same tasks and were subject to the same policies—as to both timekeeping and

compensation…'" *Clark v. A&L Homecare & Training Ctr., LLC*, No. 22-3101/3102, 2023 U.S. App. LEXIS 12365, at *10-11 (6th Cir. May 19, 2023). The Clark court relied on the *Monroe* and *Pierce v. Wyndham Resorts* 922 F.3d 741 (6th Cir. 2019) opinions to illustrate how the collective should be similarly situated to the Plaintiff. In *Pierce v. Wyndham Resorts*, the Court found that employees were part of same collective even though they held different job titles at different job locations. The Court reasoned that there were "no meaningful differences between the in-house and front-line salespeople or for that matter between the jobs they performed at the four Tennessee locations." *Pierce*, 922 F.3d 741, 746 (6th Cir. 2019).

In *Monroe v. FTS USA, LLC*, cable technicians sued their employer for failure to pay overtime, even though the technicians worked in different locations. 860 F.3d 389, 402 (6th Cir. 2017). "The Monroe court treated the cable technicians as similarly situated because they did the same job and alleged a single time-shaving policy, even though they worked different amounts of overtime." *Id*. at 404. In the *Monroe* case, the Sixth Circuit held that "the employer could assert any individualized defenses against the testifying employees, which would distribute those individualized defenses across the claims of the entire collective." *Id*. at 404–05. In deciding both the *Pierce* and *Monroe* cases, the Sixth Circuit reasoned that "the Act was meant to allow employees to consolidate related claims alleging a single, illegal policy." *Id*. at 405 (emphasis added).

With the Sixth Circuit's new framework for reviewing potential collective actions pursuant to 29 U.S.C. § 216(b), this Court held in *Gifford v. Norwood Health Grp., LLC* that a Temporary Restraining Order ("TRO") was appropriate to prevent the defendant employer from "soliciting, their current and former hourly, non-exempt employees to sign arbitration agreements" that covered the claims of the employment action proceeding against them. *Gifford v. Norwood Health*

*Grp., LLC.*, 2023 U.S. Dist. LEXIS 87226 (S.D. Ohio 2023). In granting the TRO, this Court found that both the likelihood of success of showing similar claims and the potential for the putative class members to suffer irreparable harm weighed in favor of the plaintiffs such that an injunction was necessary to protect them from the loss of important litigation rights. *Id.* Just as the employees entitled to notice in *Gifford* could have lost important litigation rights in absence of the TRO, so would the similarly situated plaintiffs in this case if they are not timely notified of their right to join this suit.

Plaintiff seeks an Order for Court Supervised Notice to the Plaintiffs entitled to Notice defined as: "All Delivery Drivers employed by Defendant since November 5, 2018." The pleadings and exhibits filed in this case contain an abundance of information supporting the conclusion that there is a 'strong likelihood' that Plaintiff and the proposed potential plaintiff employees are similarly situated and therefore are entitled to notice. Specifically, Plaintiff and the other proposed potential plaintiff employees are all Delivery Drivers who worked for Defendant. They all performed the same job duties, consisting of delivering sandwiches and other food items to customers at their homes and businesses using their personal vehicles. They were all subjected to the same pay practices and procedures which resulted in the violations of the FLSA alleged by Plaintiff. Defendant required them to maintain and pay for operable, safe, and legally compliant automobiles to use in delivering Defendant's sandwiches and other food items. They all incurred expenses, including automobile costs and depreciation, gasoline expenses, automobile maintenance and parts, insurance, financing, cell phone costs, and other equipment necessary for delivery drivers to complete their job duties yet none of them were properly reimbursed for those expenses. Furthermore, Plaintiff and other Delivery Drivers worked dual jobs as "in store" employees and as Delivery Drivers, and their pay rate changed depending on the role they were

doing at any given time. While in the store, they were paid at or near minimum wage; however, when they left the store, they clocked out as "in store" employees and in as Delivery Drivers, and their payrate decreased to an hourly rate below minimum wage. They were all paid a flat delivery rate of 34 cents per mile, and they were all paid by Defendant using the same method. Also, Plaintiff and other Delivery Drivers regularly or occasionally work over 40 hours in a week and would not receive their full overtime expenses due to the unreimbursed mileage expenses. Because of Defendant's uniform practice of not paying minimum wage to Delivery Drivers and not reimbursing all expenses of Delivery Drivers, its Delivery Drivers are not paid lawful minimum or overtime wages for all of their hours worked and essentially financially subsidize Defendant's businesses. They all suffered from the same companywide FLSA-violating policies and practices. There is at least fifty (50) Delivery Drivers that were preforming the same job duties for Defendant, using their personal vehicles for the job, being paid under the same scheme since November 5, 2018. Plaintiff worked at two of Defendant's locations in Columbus, Ohio, but knows that Defendant has other locations throughout Ohio because he has heard his supervisor and other managers talk about Defendant's other locations. Plaintiff also specifically identified some of the other Delivery Drivers he worked with that are or were similarly situated, such as Nate Robertson, Brittany Atkins and Montana Monsiour. As such, Plaintiff provided ample evidence at this stage showing a 'strong likelihood' that he and his proposed potential Plaintiff employees are similarly situated, and therefore entitled to notice.

**B. The Court Should Approve Plaintiff's Proposed Notice and Process.**

Plaintiff requests that the Court (1) approve of the language of Plaintiff's proposed collective action Notice (ECF No. 14-1) and Consent to Join forms (ECF Nos. 14-2 and 14-4); (2) grant leave for Plaintiff to send Notice and Consent to Join forms through U.S. Mail and email;

(3) grant leave to send a Follow-Up Postcard (ECF No. 14-5) via U.S. Mail thirty days after the initial distribution of the Notice; (4) approve the proposed email text (ECF No. 14-3) for distribution to proposed potential Plaintiff employees; (5) grant a period of ninety days in which to distribute the Notice and Consents and allow for opt-ins to file Consents to Join; and (6) order Defendant to provide relevant contact information for potential opt-ins.

The form and scope of Plaintiff's proposed notice is appropriate. The notice is "timely, accurate, and informative," and therefore should be approved. *Hoffmann-La Roche, Inc. v. Sperling,* 493 U.S. 165, 172 (1989). The Court should allow the notice to be sent to the Plaintiffs Entitled to Notice by email and first-class mail. *See Hawkins*, 2019 WL 952737, at *3 (permitting notice to be sent by both mail and email to the putative class members); *See Ullett et al v. Crave Restaurant Ohio, LLC*, USDC SD OH Case No. 1:16-cv-00272-MRB, Dkt. No. 38 at 13 (permitting notice to be sent by email and text message via cell phone to any putative class member whose notice through the U.S. Mail comes back undeliverable); *Pippins v. KPMG*, 2012 WL 19379, *14 (S.D.N.Y. Jan. 3, 2012) (ordering notice sent by email and finding that "given the reality of communications today…the provision of email addresses and email notice in addition to notice by first class mail is entirely appropriate"). Moreover, it advances the remedial purpose of the FLSA, because service of the notice by two separate methods increases the likelihood that all potential opt-in plaintiffs will receive notice of the lawsuit, and of their opportunity to participate." *Atkinson v. TeleTech Holdings, Inc*., No. 3:14-cv-253, 2015 U.S. Dist. LEXIS 23630, at *12 (S.D. Ohio Feb. 26, 2015).

The Court should also authorize Plaintiff to send a follow-up email or postcard thirty (30) days after Notice is sent. Such a reminder is proper, as courts regularly authorize reminder notices to increase the chance that workers will be informed of their rights. *See Staggs et al. v. Fuyao*

*Glass America*, USDC SDOH Case No. 3:17-cv-161; *Sanchez v. Sephora USA, Inc.*, 2012 WL 2945753 *6 (N.D. Cal. July 18, 2012)("[C]ourts have recognized that a second notice or reminder is appropriate in an FLSA action since the individual is not part of the class unless he or she opts-in.").

The Court should set the notice period of ninety (90) days, as many courts around the country have authorized at least a ninety (90) day opt-in period for collective actions. *See Staggs et al. v. Fuyao Glass America*, USDC SDOH Case No. 3:17-cv-161, *Butler v. DirectSat USA, LLC*, 876 F. Supp. 2d 560, 575 (D. Md. 2012); *see also Shoults v. G4s Secure Sols. (USA) Inc.*, No. CV-19-02408-PHX-GMS, 2020 U.S. Dist. LEXIS 136147, at *12 (D. Ariz. July 31, 2020) (same); *Casarez v. Producers Serv. Corp.*, No. 2:17-cv-1086, 2018 U.S. Dist. LEXIS 88370, at *24 (S.D. Ohio May 25, 2018).

Defendant should be ordered to produce a list of the names, last known mailing addresses, email addresses (including personal and company-sponsored email addresses) and phone numbers, in an electronically manipulatable format such as Excel, for all Plaintiffs entitled to Notice as defined above. *See Hoffman-La Roche*, 493 U.S. at 170 (holding that district courts have the authority to compel the production of contact information for a class of employees for purposes of facilitating notice in FLSA collective actions); *See also Ross v. Jack Rabbit Servs., LLC*, Case No. 3:14-cv-00044, 2014 WL 2219236, *4 (W.D. Ky. 2014)(ordering defendant to produce, in an electronic format, list of all workers meeting the job description for the last 3 years, including name, job title, address, telephone, email, dates and location of employment, and date of birth).

Further, this Court should grant equitable tolling in this case relating back to the date the Motion for Court Supervised Notice was filed, March 1, 2022. While Judge Kethledge in *Clark* did not specifically address tolling, he did note that district courts should expedite their decision

on the notice issue given the FLSA's statute of limitations, and the majority of the panel in their concurrences specifically addressed equitable tolling.² *Clark*, 2023 U.S. App. LEXIS 12365 at *13. As noted, tolling in this context should be recognized by analogy to class actions. When a class is certified, the class members' claims are deemed to relate back to the date of filing of the class action complaint. Indeed, Judge Bush wrote that "equitable tolling should be made available to plaintiffs in collective actions," stating that district courts should exercise their "traditional equitable power" and relate back to the date relevant to the case filings. *Id*. at 19 (citing *Am. Pipe &amp; Constr. Co. v. Utah*, 414 U.S. 528, 550 (1974)).

## IV.     CONCLUSION

Defendant's policies that underlie Plaintiff's allegations of FLSA violations are the same for Plaintiff and all of the proposed potential Plaintiff employees. Plaintiff's evidence demonstrates that Plaintiff and the other Delivery Drivers for Defendant are similarly situated as victims of a common decision, policy, or plan of the employer that affected all of them in a similar fashion. They had the same job title and job duties and were all paid in the same manner. Accordingly, Plaintiff respectfully requests that this Court grant Plaintiff's Motion and authorize Plaintiff to issue the Court Supervised Notice pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 201, *et seq.*, to all delivery drivers employed by Defendant since November 5, 2018, which will allow potential Plaintiffs entitled to Notice to opt-in to this case.

---

² A majority of the Clark v A&L Homecare court strongly endorsed the equitable tolling of statute of limitations. Judge John K. Bush opened his concurrence, "I fully join the majority opinion but write separately because equitable tolling should be made available to plaintiffs in collective actions under the Fair Labor Standard Act (FLSA), 29 U.S.C. § 201 et seq." *Clark v. A&L Homecare & Training Ctr., LLC*, No. 22-3101/3102, 2023 U.S. App. LEXIS 12365, at *17 (6th Cir. May 19, 2023). Judge White joined the concurrence.

Respectfully submitted,

**PLAINTIFF CHARLES FOLEY,**
**Individually and on Behalf**
**of All Others Similarly Situated**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Josh Sanford*
Josh Sanford (*admitted pro hac vice*)
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

*LEAD COUNSEL FOR PLAINTIFFS*


**BARKAN MEIZLISH DEROSE COX, LLP**

*/s/Robert E. DeRose*
Robert E. DeRose (0055214)
Brian R. Noethlich (0086933)
4200 Regent Street, Suite 210
Columbus, OH 43219
Telephone: (614) 221-4221
Fax: (614) 744-2300

*LOCAL COUNSEL FOR PLAINTIFFS*

## CERTIFICATE OF SERVICE

      I, Josh Sanford, do hereby certify that a true and correct copy of the foregoing has been electronically filed with the Clerk for the U.S. District Court, Southern District of Ohio, Eastern Division, using the Electronic Case Filing system of the Court, and that the attorneys listed below are registered to receive from the Clerk of the Court an electronic copy thereof:

Patrick Kasson, Esq.
Sunshine J. Thomas, Esq.
Reminger Co., L.P.A.
200 Civic Center Drive, Suite 800
Columbus, Ohio 43215
Telephone: (614) 228-1311
Facsimile: (614) 232-2410
pkasson@reminger.com
sthomas@reminger.com

                                                            */s/ Josh Sanford*
                                                            **Josh Sanford**