# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **Charles Foley, Individually and on Behalf of All Others Similarly Situated,** : : : : | |
| | Case No.: 2:21-cv-05234-SDM-KAJ |
| **Plaintiff,** : : | Judge Sarah D. Morrison |
| v. : : | Magistrate Judge Kimberly A. Jolson |
| **Wildcat Investments, LLC,** : : | |
| **Defendant.** : | |

## DEFENDANT'S SUPPLEMENTAL BRIEF IN OPPOSITION

Plaintiff seeks an Order allowing him to notify all of Defendant, Wildcat Investments, LLC's ("Wildcat"), delivery drivers—through a multi-state area—on a mere hunch that other drivers were paid and reimbursed the same as he was—and it was in violation of the FLSA. But this hunch is not enough. Rather, the motion should be denied because:

1. The Plaintiff offers no specific admissible facts that other Wildcat drivers—throughout the company—were reimbursed at the same rate as Plaintiff for mileage. And it is not true, anyway.

2. There is no single FLSA-violating policy because Wildcat may reasonably approximate delivery drivers' expenses, as it has done so here.

3. A class is not appropriate because resolution of a class would require an individualized assessment of each deliver drivers' approximate mileage reimbursement rate, taking into account multiple individualized factors.

Accordingly, Plaintiff's Motion for Approval and Distribution of Notice should be denied.[1]

---

[1] In Plaintiff's Motion, as well as his Supplemental Brief, Plaintiff argues for the scope and procedure for his proposed notice. This Court ordered supplemental briefing specifically on the issue of whether Plaintiff can show a strong likelihood that the proposed potential plaintiffs are similarly situated. In light of this Order, and in the interest of brevity, Wildcat directs the Court to its response to Plaintiff's proposed notice contained in its initial Brief in Opposition. (Doc. 18, PageID #123–27).

1

I. **LAW AND ARGUMENT**

   A. **Plaintiff Offers No Admissible, Factual Evidence to Show a "Strong Likelihood" that Other Wildcat Delivery Drivers Are Similarly Situated.**

Before this Court may facilitate notice to "potential plaintiffs," Plaintiff must first show a "strong likelihood" that other employees are similarly situated to Plaintiff himself. *Clark v. A&L Homecare & Training Ctr., LLC*, 68 F.4th 1003, 2023 U.S. App. LEXIS 12365, at *12 (6th Cir. May 19, 2023). This standard requires a "showing greater than the one necessary to create a genuine issue of fact, . . ." *Id.* Plaintiff fails here because he only offers conclusory allegations and inadmissible conjecture.

*First,* the Sixth Circuit's standard requires more. *Clark*, 2023 U.S. App. LEXIS 12365, at *12. Here, Plaintiff's brief merely regurgitates the same allegations contained in his Complaint. (Pl.'s Suppl. Br., Doc. 29, PageID # 182) ("The pleadings and exhibits filed in this case contain an abundance of information supporting the conclusion that there is a 'strong likelihood' that Plaintiff and the proposed plaintiff employees are similarly situated . . ."). But "allegations and 'facts' presented in a plaintiff's pleadings are simply not sufficient to create a genuine issue of fact;" let alone a showing of strong likelihood—"instead, evidence is necessary." *Marbury v. Abraham*, No. 1:06-CV-00196, 2009 U.S. Dist. LEXIS 114354, at *7 (S.D. Ohio Dec. 8, 2009).

To be sure, Plaintiff—without foundation—alleges the proposed potential plaintiffs were subjected to the same pay practices, same variable pay rates, and same mileage reimbursement rate. (Compl. ¶¶ 27, 39–40, Doc. 1, PageID # 5–6). Plaintiff reiterates these allegations without factual support or foundation. (Decl. of Charles Foley, Doc. 14-7, PageID # 84–87; Pl.'s Suppl. Br., Doc. 29, PageID # 182). So, Plaintiff presents no evidence that there are other employees that are similar situated—because he has none.

*Second*, this Court should disregard Plaintiff's declaration because it is devoid of factual detail and foundation to support his claim that other employees are similarly situated. (*See generally* Decl. of Charles Foley, Doc. 14-7, PageID # 84–87). He relies on his "beliefs" about how other delivery drivers were paid, scheduled, and reimbursed for their mileage. (*Id.*). Plaintiff refers to other employees—who he claims to have discussed pay and reimbursement rates with—but, he does not offer any additional declaration or affidavit from those individuals for this Court to consider. This showing is wholly insufficient, even before *Clark*'s heightened "strong likelihood" standard. *See Powers v. Blessed Homecare, LLC*, No. 3:18-CV-01029, 2019 U.S. Dist. LEXIS 158441, at *6-7 (M.D. Tenn. Sept. 17, 2019) (finding that plaintiff had not "alleged facts, as opposed to conclusory allegations," through a sworn declaration that was not based on first-hand experience and without providing declarations or affidavits from other employees). Plaintiff worked in two stores. (Dec. of Charles Foley, Doc. 14-7, PageID # 85; Aff. of Gregg Majewski, ¶ 5, attached hereto as Exhibit A). And Wildcat has stores across a multi-state area. (Exhibit A, ¶ 4).

*Third*, this Court should disregard Plaintiff's declaration, to the extent that it is inadmissible hearsay. While affidavits and declarations in support of motions to notify potential plaintiffs are not required to meet "all evidentiary standards for admissibility at trial, they must meet *some* standards." *Powers*, 2019 U.S. Dist. LEXIS 158441, at *8 (emphasis in original). Plaintiff's declaration must be based on **his personal knowledge**. *Kleinhans v. Greater Cincinnati Behavioral Health Servs.*, No. 1:21-cv-70, 2021 U.S. Dist. LEXIS 210562, at *23 (S.D. Ohio Nov. 1, 2021). So, this Court should not "'infer' personal knowledge through 'discussions with others' in this case." *Sisson v. OhioHealth Corp.*, No. 2:13-cv-0517, 2013 U.S. Dist. LEXIS 162464, at *15 (S.D. Ohio Nov. 14, 2013). Plaintiff claims that he knows that other delivery drivers were paid the same as he was because they "discussed the way [they] were paid, including the expenses

3

[they] incurred as part of being a delivery driver." (Decl. of Charles Foley, ¶ 16, Doc. 14-7, PageID # 86). He offers no facts as to when these conversations allegedly occurred or who those conversations were with; nor did he provide declarations from those individuals. *Id.* Because Plaintiff gained this knowledge "through hearsay, not personal knowledge," and is inadmissible, this Court should disregard Plaintiff's statements about his conversations with other employees. *Sisson*, 2013 U.S. Dist. LEXIS 162464, at *16.

*In sum*, Plaintiff makes no attempt to present admissible evidence to support a "strong likelihood" that other Wildcat delivery drivers were similarly situated. He cannot satisfy his burden by repeating the same bare allegations about other employees from his earlier memorandum, applying the now overruled *Lusardi* standard. (*Compare* Br. in Support of Pl.'s Mot. for Conditional Certification of Collective Action, Doc. 15, PageID # 95, *with* Pl.'s Suppl. Br., Doc. 29, PageID # 182). So, this Court should deny Plaintiff's Motion, and prohibit notice of suit to Wildcat's other employees. *Clark v. A&L Homecare & Training Ctr., LLC*, 68 F.4th 1003, 2023 U.S. App. LEXIS 12365, at *12 (6th Cir. May 19, 2023).

    **B.**    **Because Plaintiff Has Not Identified a "Single FLSA-Violating Policy," Other Wildcat Delivery Drivers Cannot Be Similarly Situated.**

Potential plaintiffs are "similarly situated when they suffer from ***a single, FLSA-violating policy or statutory violation,*** and when proof of that policy or of conduct in conformity with that policy proves a violation as to all the plaintiffs" or "their claims were unified by common theories of defendants' statutory violations." *O'Brien v. Ed Donnelly Enter., Inc.*, 575 F.3d 567, 585–86 (6th Cir. 2009) (abrogated on other grounds by *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153 (2016)) (emphasis added). This standard does not require a decision on the merits of the underlying action, but instead requires Plaintiff to identify a policy that ***would*** violate the FLSA. *See id.* Here, Plaintiff simply alleges that drivers were paid something other than the IRS rate. (Compl. ¶ 34,

4

Doc. 1, PageID # 6; Decl. of Charles Foley, Doc. 14-7, PageID # 86). But because there are other ways to approximate mileage costs, the mere allegation that other individuals are not paid the IRS rate is insufficient to identify an FLSA-violating policy—because Wildcat's method does not violate the FLSA.

To be sure, Wildcat pays all of its drivers mileage. (Ex. A, ¶¶ 15–18). And it makes an *individualized* calculation of a driver's automobile costs using a program which calculates such costs to a reasonable approximation. (Ex. A, ¶ 18; Aff. of Brian Schaaf, Doc. 18-2, PageID # 137). Each driver has an individual car—that has certain characteristics—age, make, model, condition, etc. (Ex. A, ¶ 16; Aff. of Brian Schaaf, Doc. 18-2, PageID # 137). Obviously, the cost of operating each drivers' vehicle will differ from one driver to another. So, Wildcat uses a program that creates a reasonable approximation of the cost to operate that individual driver's automobile per mile. (Ex. A, ¶ 15). The program is so precise it even takes into account the change of gas prices in the delivery area. (Aff. of Brian Schaaf, Doc. 18-2, PageID # 137). As a result, each driver—based upon each particular vehicle—has their own unique mileage rate—which is completely consistent with federal law and the FLSA.

        1.    *Department of Labor Regulations Unambiguously Permit Wildcat to Reasonably Approximate Mileage Reimbursement.*

Here, Plaintiff has not identified a FLSA-violating policy. To be sure, Plaintiff *alleges* that because Wildcat Investments did not pay him (1) the IRS (estimated) business mileage rate or (2) actual expenses, there must be an FLSA violation. (Compl. ¶¶ 33–34, 47, Doc. 1, PageID # 6–7; Declaration of Charles Foley, Doc. 14-7, PageID # 86). But this is not a FLSA violation, because Department of Labor regulations unambiguously allow Wildcat to reasonably approximate Plaintiff's costs. *See* 29 C.F.R. § 531.35 (citing § 531.32(c), which cites § 778.217). Three

5

regulations are instructive: the Anti-Kickback Rule, the Primary Benefit Rule, and the Expense Reimbursement Rule. 29 C.F.R. §§ 531.35, 531.32(c), 778.217.

The Anti-Kickback Rule provides that the minimum wage must be paid "finally and unconditionally or 'free and clear.'" 29 C.F.R. § 531.35. This includes the costs of the "tools of the trade"—like a delivery driver's vehicle. *Id.*; *see also Bradford v. Team Pizza*, No. 1:20-cv-60, 2021 U.S. Dist. Lexis 99413, at *16 (S.D. Ohio May 26, 2021). This Rule explicitly cross-references the Primary Benefit Rule. 29 C.F.R. § 531.35 ("See also in this connection, § 531.32(c)."). The Primary Benefit Rule states that "the cost of furnishing 'facilities' which are primarily for the benefit or convenience of the employer . . . may not . . . be included in computing wages." *Id.* at § 531.32(c). The Rule offers examples of items and expenses held for the benefit of the employer and refers to § 778.217—the Expense Reimbursement Rule—for more instruction on the reimbursement of "travel expenses." *Id.* The Expense Reimbursement Rule provides:

> Where an employee incurs expenses on his employer's behalf or where he is required to expend sums by reason of action taken for the convenience of his employer, section 7(e)(2) is applicable to reimbursement for such expenses. Payments made by the employer to cover such expenses are not included in the employee's regular rate (***if the amount of the reimbursement reasonably approximates the expense incurred***).

*Id.* at § 778.217(a) (emphasis added). This includes the "actual or reasonably approximate amount expended by an employee, who is traveling "over the road" on his employer's business." *Id.* at § 778.217(b)(3).

This Court should interpret the regulations in a way that does not render any provision "meaningless or superfluous." *Bradford*, 2021 U.S. Dist. Lexis 99413, at *21 (quoting *Nat'l Air Traffic Controllers Ass'n v. Sec'y of the DOT*, 654 F.3d 654, 657 (6th Cir. 2011). Reading the regulations together, the Expense Reimbursement Rule "answers the question by which method

6

should employee-provided tools of the trade expenses be reimbursed,"—***reasonable approximation***. *Id.*

Because Wildcat is permitted to reasonably approximate mileage reimbursement rates, Plaintiff has not identified a single FLSA-violating policy. *Id.* So other Wildcat delivery drivers cannot be similarly situated, and this Court should deny Plaintiff's Motion. *O'Brien v. Ed Donnelly Enter., Inc.*, 575 F.3d 567, 585-586 (6th Cir. 2009).

> 2. *To the Extent this Court Finds the Regulations Are Ambiguous, this Court Should Defer to the Department of Labor Opinion Letter.*

Because the regulations unambiguously allow employers to reimburse employees based on reasonable approximations of costs, the Court need not defer to any agency interpretation. *See Kisor v. Wilkie*, 139 S. Ct. 2400, 2415 (2019). But if the Court still finds the regulations to be "genuinely ambiguous" after applying the "'traditional tools' of construction," the Court may look to agency interpretations. *Id.* Specifically, this Court should defer to the Department of Labor Wage and Hour Division's Opinion Letter about reimbursing delivery driver expenses based on its "power to persuade." *Id.* at 2414 (quoting *Christopher v. SmithKline Beecham Corp.*, 567 U.S. 142, 159 (2012)).

*Skidmore* deference requires that courts defer to agency interpretations only to the extent those interpretations are persuasive. *See Skidmore v. Swift & Co.*, 323 U.S. 134, 140 (1944). The level of deference depends upon the "thoroughness evident in its consideration, the validity of its reasoning, its consistency with earlier and later pronouncements, and all those factors which give it power to persuade, [even] if lacking power to control." *Id.*

Here, the Opinion Letter is highly persuasive, and reflects the "experience and informed judgment" of the agency. *Id.* In its letter, the Department of Labor reviews the regulatory framework, the text of the relevant regulations, and the general principles underlying the FLSA.

7

U.S. Dep't of Labor, Wage & Hour Div., Opinion Letter (Aug. 31, 2020). Further, the Opinion Letter does not contradict earlier or later pronouncements, because there are none.[2]

Considering the text, structure, and purpose of the regulations, the Department of Labor states that its:

> regulations permit reimbursement of a reasonable approximation of actual expenses incurred by employees for the benefit of the employer by any appropriate methodology; the IRS business standard mileage rate is not legally mandated by [the Wage and Hour Division's] regulations but is presumably reasonable; reimbursement for fixed and variable vehicle expenses hinge on whether the cost at issue primarily benefits the employer.

*Id.* The Opinion Letter is thorough, well-reasoned, and the only pronouncement on the subject. So, this Court should defer to its interpretation and deny Plaintiff's Motion, because Wildcat may reasonably approximate mileage reimbursement rates. *O'Brien v. Ed Donnelly Enter., Inc.*, 575 F.3d 567, 585-586 (6th Cir. 2009).

### C. Other Wildcat Delivery Drivers Are Not Similarly Situated Because Each Driver's Reimbursement Rate Is an Individualized Assessment, and Some Drivers Make More than Minimum Wage.

It is Plaintiff's burden to prove a strong likelihood that other Wildcat delivery drivers are similarly situated. *Clark v. A&L Homecare & Training Ctr., LLC*, 68 F.4th 1003, 2023 U.S. App. LEXIS 12365, at *12 (6th Cir. May 19, 2023).

Here, each drivers' reimbursement rate is determined on an individual basis based upon individual characteristics of both the automobile and the delivery market for that store. (Ex. A, ¶ 16; Aff. of Brian Schaaf, Doc. 18-2, PageID # 137). Likewise, some drivers are paid more than minimum wage—so an individualized calculation would need to be performed to determine whether that particular driver—even if the reimbursement rate was not appropriate—fell below

---

[2] The Department of Labor Field Operations Handbook should not be considered a prior pronouncement because it "is not used as a device for establishing interpretive guidelines." Dep't of Labor, Wage & Hour Div., *Field Operations Handbook*, https://www.dol.gov/agencies/whd/field-operations-handbook (last visited June 29, 2023).

minimum wage based upon the hours worked and miles driven. As such, because each prospective class member would require an individualized assessment to determine whether a violation occurred—there is no unified FLSA-violating policy that applies to all drivers—they are not similarly situated. *O'Brien v. Ed Donnelly Enter., Inc.*, 575 F.3d 567, 585–86 (6th Cir. 2009).

***Individualized reimbursement rate:*** as has been discussed above, Plaintiffs claim that each driver is paid 34 percent per mile is simply incorrect. (Ex. A, ¶¶ 20–24). Rather, Wildcat reimburses its drivers on an individualized rate—based upon the individual characteristics of that driver's automobile. (Ex. A, ¶ 18, 21; Aff. of Brian Schaaf, Doc. 18-2, PageID # 137). The calculation is detailed enough that it takes into account fluctuations in gas prices—in a specific delivery zone. (Aff. of Brian Schaaf, Doc. 18-2, PageID # 137). Make, model, mileage, condition, etc. are taken into account by the program to determine an individualized approximation of the cost to operate that particular driver's vehicle per mile—in that particular delivery area. (Aff. of Brian Schaaf, Doc. 18-2, PageID # 137). Plaintiff names two former Wildcat delivery drivers in his Declaration. (Decl. of Charles Foley, Doc. 14-7, PageID # 85). But these employees were paid differently and also drove different automobiles and had different reimbursement rates. (Ex. A, ¶¶ 9–14, 22–23). As a result, individualized assessments would need to be performed to determine whether a driver—making more than minimum wage—was actually paid less than minimum wage, even if the reimbursement rate was inappropriate. As a result, these different pay policies for all delivery drivers, mandate that they cannot be similarly situated. *O'Brien,* 575 F.3d at 585–86. Rather, this type of individualized analysis is not appropriate in this case.

## II.  CONCLUSION

Plaintiffs' entire case is based upon an incorrect factual assumption —that all drivers at Wildcat are paid $0.34 per mile. Rather Wildcat engages in a sophisticated

9

approximation, for each driver based upon *individualized* characteristics of the driver's car and delivery area. And this type of approximation is expressly allowed by the FLSA. 29 C.F.R. §778.217. As a result, there is no unifying FLSA violation. Even if there were, because the delivery rates are different for each driver and are calculated using unique and individualized characteristics of each driver's car, the Plaintiff and the other drivers are not similarly situated. Rather, an analysis would need to be performed of each driver—some of whom are paid up to a dollar (over the IRS rate) to determine whether each driver's approximation is violative of the law and (given the base rate differentials) actually dropped that particular driver below minimum wage. Simply put, even if the Plaintiff had admissible evidence—which he does not—the Motion fails.

Respectfully submitted,

*/s/ Patrick Kasson*
Patrick Kasson (0055570)
Thomas J. Spyker (0098075)
**Reminger Co., LPA**
200 Civic Center Drive, Suite 800
Columbus, Ohio 43215
Tel: (614) 228-1311 | Fax: (614) 232-2410
pkasson@reminger.com
tspyker@reminger.com

*Counsel for Defendant Wildcat Investments, LLC*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing was served upon all parties, via the Court's CM/ECF e-filing system, on this 30th day of June 2023:

>                     */s/ Patrick Kasson*
>                     Patrick Kasson (0055570)
>                     Thomas J. Spyker (0098075)