# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| Charles Foley, Individually and on Behalf of All Others Similarly Situated, | : : : |
| Plaintiff, | : Case No.: 2:21-cv-05234-SDM-KAJ : : Judge Sarah D. Morrison : |
| v. | : Magistrate Judge Kimberly A. Jolson : |
| Wildcat Investments, LLC, | : : |
| Defendant. | : |

## JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT AND ENTRY OF ORDER OF DISMISSAL OF ALL CLAIMS WITH PREJUDICE

Plaintiff Charles Foley and Defendant Wildcat Investments, LLC (collectively the "Parties"), respectfully move this Court for an Order approving their Fair Labor Standards Act ("FLSA") settlement and the entry of an Order dismissing all claims with prejudice. The settlement was reached by experienced counsel during arms-length, good faith negotiations. The following documents are submitted for the Court's approval:

Exhibit 1: Settlement Agreement and Release of FLSA Claims

Exhibit 2: Proposed Order approving settlement.

A Memorandum in Support follows.

Respectfully submitted,

| | |
|---|---|
| */s/ Josh Sanford* | */s/ Mrinali Sethi* |
| Josh Sanford (*admitted pro hac vice*) | Patrick Kasson (0055570) |
| Ark. Bar No. 2001037 | Mrinali Sethi (0101295) |
| Sanford Law Firm, PLLC | Reminger Co., LPA |
| Kirkpatrick Plaza | 200 Civic Center Drive, Suite 800 |
| 10800 Financial Centre Parkway, Suite 510 | Columbus, Ohio  43215 |
| Little Rock, Arkansas  72211 | Tel: (614) 228-1311 \| Fax: (614) 232-2410 |
| Telephone:  (501) 221-0088 | pkasson@reminger.com |
| Facsimile:   (888) 787-2040 | msethi@reminger.com |
| josh@sanfordlawfirm.com | Counsel for Defendant |
| *Lead Counsel for Plaintiffs* | Wildcat Investments, LLC |
| | *Counsel for Defendant Wildcat Investments, LLC* |

*/s/ Robert E. DeRose*
Robert E. DeRose (0055214)
Brian R. Noethlich (0086933)
Barkan Meizlish DeRose Cox, LLP
4200 Regent Street, Suite 210
Columbus, Ohio  43219
Telephone:  (614) 221-4221
Facsimile:   (614) 744-2300
bderose@barkanmeizlish.com
bnoethlich@barkanmeizlish.com
*Local Counsel for Plaintiffs*

2

**MEMORANDUM IN SUPPORT**

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

On November 5, 2021, Plaintiff brought the instant lawsuit against his former employer, Defendant, on behalf of himself, and others similarly situated for alleged violations of the FLSA, Article II, Section 34 of the Ohio Constitution, the Ohio Minimum Fair Wage Standards Act, and the Ohio Prompt Pay Act. (Compl., Doc. 1, PageID # 1). Plaintiff alleged that while employed as an hourly delivery driver, Defendant did not pay him the lawful minimum wage or overtime, due to Defendant's reimbursement method for automobile expenses. (*See generally id.*). Defendant denied all claims. (*See generally* Answer, Doc. 9).

On March 1, 2022, Plaintiff moved for conditional certification and for the Court to approve notice to potential plaintiffs. (*See generally* Doc. 14). On June 12, 2023, this Court—in light of the Sixth Circuit's decision in *Clark v. A&L Homecare & Training*—denied certification and ordered supplemental briefing on whether the proposed potential plaintiff employees were similarly situated. (Order, Doc. 28, PageID # 175–176). On July 12, 2023, the Court denied Plaintiff's motion to notify potential plaintiffs. (Opinion and Order, Doc. 32, PageID # 212).

The Parties exchanged wage documentation, and engaged in extensive, arms-length, settlement negotiations, resulting in a fully executed Settlement Agreement and Release of Claims. (*See* Exhibit 1). The Parties filed their Joint Notice of Settlement on January 22, 2024. (Joint Notice of Settlement, Doc. 40, PageID # 235).

**II.    LAW AND ARGUMENT**

The court presiding over an FLSA action may approve a proposed settlement of the action under the FLSA "after scrutinizing the settlement for fairness." *Landsberg v. Acton Ents., Inc.*, No.

C2-05-500, 2008 U.S. Dist. LEXIS 51544, at *2 n.1 (S.D. Ohio June 16, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982).

Here, the Parties agree that the settlement is a fair and reasonable resolution of a *bona fide* dispute. *Lynn's Food Stores, Inc.*, 679 F.2d at 1353–54. The Parties have each been represented and assisted by their respective attorneys during this lawsuit and the negotiation of the settlement and have had the benefit of their attorneys' counsel and advice. Importantly, the Agreement does not constitute an admission by either party of the validity of any of the allegations, claims, or defenses made or presented in this lawsuit. Instead, the Agreement represents the negotiated compromise of disputed claims, based on the relevant wage documentation, that the Parties recognize would require litigation to determine.

During his tenure with Defendant, Plaintiff received mileage reimbursement at an average rate of about 37 cents per mile. Under the terms of the Agreement, Plaintiff is receiving an amount that compensates him for the difference between his received reimbursement and the IRS standard business reimbursement rate for the applicable time period, including liquidated damages. This amount is reasonable because the law with respect to appropriate mileage reimbursement is unsettled and trial on the issue would have likely involved competing expert testimony. The Parties chose to forego the uncertainty and expense of such a trial for the current settlement.

Moreover, the attorneys' fees component of the Agreement is reasonable, given the value of the services provided on an hourly basis, the benefit rendered to Plaintiff, and the complexity of the litigation. The FLSA provides that a Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and the costs of the action." 29 U.S.C. §216(b). Courts acknowledge that "wage and hour class and collective actions, such as this, are inherently complex and time-consuming." *Brandenburg v.*

*Cousin Vinny's Pizza, LLC*, No. 3:16-cv-516, 2019 U.S. Dist. LEXIS 204371, at *10 (S.D. Ohio Nov. 25, 2019). The Agreement provides a payment of attorneys' fees to Plaintiff's counsel in the amount of $4,250.00.

Plaintiff's counsel aver that they have billed over $15,500.00 in fees and costs to this matter, taking it from initial fact investigation and Complaint drafting through briefing on the issue of conditional certification (such briefing requiring discussion of developing case law in the 6th Circuit) to formal and informal discovery, damages calculations, and settlement negotiations, at a blended hourly rate of $273.00. Should the Court require further detail, Plaintiff's counsel will provide their billing information.

### III.  CONCLUSION

The Parties submit that this settlement is a fair and reasonable resolution of the disputed issues, which is consistent with the goal of securing the just, speedy, and inexpensive determination of every action. Accordingly, the Parties request that this Court grant the Parties' Motion and enter the proposed Order Granting Joint Motion for Approval of FLSA Settlement and Dismissal with Prejudice.

Respectfully submitted,

<div style="display: flex;">

*/s/ Josh Sanford*
Josh Sanford (*admitted pro hac vice*)
Ark. Bar No. 2001037
Sanford Law Firm, PLLC
Kirkpatrick Plaza
10800 Financial Centre Parkway, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040
josh@sanfordlawfirm.com
*Lead Counsel for Plaintiffs*

*/s/ Mrinali Sethi*
Patrick Kasson (0055570)
Mrinali Sethi (0101295)
Reminger Co., LPA
200 Civic Center Drive, Suite 800
Columbus, Ohio 43215
Tel: (614) 228-1311 | Fax: (614) 232-2410
pkasson@reminger.com
msethi@reminger.com
Counsel for Defendant
Wildcat Investments, LLC
*Counsel for Defendant Wildcat Investments, LLC*

</div>

*/s/ Robert E. DeRose*
Robert E. DeRose (0055214)
Brian R. Noethlich (0086933)
Barkan Meizlish DeRose Cox, LLP
4200 Regent Street, Suite 210
Columbus, Ohio 43219
Telephone: (614) 221-4221
Facsimile: (614) 744-2300
bderose@barkanmeizlish.com
bnoethlich@barkanmeizlish.com
*Local Counsel for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was filed for service via the Court's CM/ECF system on February 28, 2024. Parties may access this filing through the Court's system.

<div style="text-align: right;">

*/s/ Mrinali Sethi*
Patrick Kasson (0055570)
Mrinali Sethi (0101295)

</div>