Exhibit 1

# SETTLEMENT AGREEMENT
# AND RELEASE OF FLSA CLAIMS

This Settlement Agreement and Release of Claims asserted under the Fair Labor Standards Act ("FLSA") ("Agreement") is entered into between Charles Foley ("Employee") for himself, his heirs, successors and assigns, and Defendant Wildcat Investments, LLC dba Jimmy John's ("Employer" and together with the Employee, "the Parties").

## RECITALS

1.     Employee filed a Complaint on November 5, 2021, in U.S. District Court for the Southern District of Ohio (the "Court") (Case No. 2:21-cv-05234) (the "Lawsuit"). Lawsuit asserts claims against Employer for violation of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, et seq., Ohio Revised Code ("O.R.C.") §§ 4111 et seq. and 4113.15 et, the Ohio Constitution, Oh. Const. Art. II, §34, seeking monetary and equitable damages including *inter alia* alleged unpaid overtime, unpaid minimum wage, liquidated/statutory damages, attorneys' fees and costs.

2.     On December 22, 2021, the Employer filed an Answer and denied any liability or wrongdoing of any kind, including denial of any and all liability for alleged damages, including unpaid wages.

3.     The Parties agree that bona fide disputes exist between the Parties, including whether Employee was entitled to claimed compensation under the FLSA.

4.     Employee brought the Lawsuit on behalf of himself, and others similarly situated. But, on July 12, 2023, the Court denied the Employee's Motion to Send Court-Approved Notice. So, the Lawsuit proceeded with the Employee individually.

5.     Employee's Counsel represent that they have conducted a thorough investigation into the facts of this Lawsuit and have diligently pursued an investigation of Employee's claims against Employer, including researching the applicable law and the potential defenses.  Based on their own independent investigation and evaluation, Employee's Counsel is of the opinion that the Settlement is fair, adequate and reasonable and is in the best interest of the Employee in light of all known facts and circumstances, including the expense, risk of significant delay, the lack of alleged damages, and the Employer's defenses.  Employer agrees that the FLSA Settlement is fair, adequate, and reasonable.

6.     This Agreement represents a compromise of disputed FLSA and Ohio wage and hour claims.  Nothing in this Agreement is intended or will be construed as an admission by Employer that Employee's FLSA and Ohio wage and hour claims in the Action have merit or that Employer has liability to Employee as to any of those claims. Nothing in this Agreement is intended or will be construed as a concession that Employee's FLSA claims in the Action were meritless.

## SETTLEMENT PAYMENTS AND DISTRIBUTION

7. **Total Settlement Payment:**  The Total Settlement Payment is Five Thousand Dollars ($5,000.00) including (a) the FLSA and Ohio wage and hour settlement payments to Employee; and (b) Employee's Counsel's attorneys' fees and costs.

8. **Payments to Employee:** The settlement payment to the Employee will be paid as a check made payable to Charles Foley for Seven Hundred Fifty Dollars ($750.00), for alleged lost wages, which amount shall be subject to standard withholding for taxes and shall be reflected on an IRS Form W-2 issued by the Employer to the Employee. Employee will provide the Employer with a signed IRS form W-4 as a condition of payment.

9. **Employees' Counsel's Attorneys' Fees and Costs:** Subject to approval of the Court, Four Thousand Two Hundred Fifty Dollars ($4,250.00) of the Total Settlement Payment will be paid to Sanford Law Firm for its attorneys' fees and costs.  Sanford Law Firm will provide a Form W-9 with respect to the attorneys' fees and costs, and Employer (or other payor) may issue a Form 1099 to Sanford Law Firm. This Agreement is not conditioned upon the Court's final approval of Employee's Counsel's petition for fees, costs, and litigation expenses, and any amounts not approved by the Court, after reconsideration if applicable, will revert to Plaintiff. Employer will not oppose Counsel's petition for fees or costs in the amounts set forth herein.

10. **Distribution:** Employer will mail Employee's payment and Employee's Counsel's attorneys' fees and costs to the office of Sanford Law Firm, at 10800 Financial Centre Parkway, Suite 510, Little Rock, AR 72211, within twenty-one (21) days of the Court's approval of this settlement.

## RELEASE OF CLAIMS

11. **Release of FLSA and Ohio Wage and Hour Claims:** In exchange for the payments, promises and other consideration, mutual obligations and covenants provided in this Agreement, the sufficiency of which is acknowledged by the Parties, Employee, his heirs, executors, successors, and assigns will forever release Employer, together with all former, current and respective members, officers, directors, agents, employees, insurers, attorneys, parents, predecessors, successors, subsidiaries, and related and affiliated entities ("Released Parties"), from all federal and Ohio wage-and-hour claims, rights, demands, liabilities and causes of action asserted in the Lawsuit, including but not limited to claims for unpaid wages, unpaid overtime compensation, liquidated damages, interest, attorneys' fees, and expenses, pursuant to the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, et seq.

12. **Acknowledgment of Full Payment:** Employee agrees that the Total Settlement Payment represents any and all back pay, severance pay, wages (whether overtime or otherwise), bonuses, vacation pay, front pay, damages (whether liquidated, compensatory, exemplary, punitive or otherwise), benefits, attorneys' fees, costs, interest, or other monies to which Employee may have been entitled to receive or recover in connection with Employee's FLSA and Ohio wage and hour claims against Employer.

Doc ID: bdbca4982f7e64996abb921387870df287358eec

## OTHER TERMS

13. **Fair, Adequate and Reasonable Settlement:** The Parties agree that the settlement is fair, adequate and reasonable. Moreover, Employee's Counsel agrees that the above payments constitute a fair and reasonable resolution of a bona fide FLSA dispute.

14. **Cooperation:** The Parties will agree to cooperate and take all steps necessary and appropriate to obtain approval of the Settlement by the District Court, to effectuate its terms, and to dismiss the action with prejudice. Parties agree to execute, as needed, forms documenting good standing and tenure together during their business relationship.

15. **Joint Motion for Approval of Settlement:** The Parties will jointly move the Court for entry of an order, proposed and attached as an Exhibit to the Joint Motion for Approval of FLSA Settlement and Entry of Order of Dismissal with Prejudice, granting final approval of the FLSA Settlement and entering judgment dismissing the Lawsuit with prejudice.

16. **No Liability or Admission of Any Party:** The Parties expressly warrant, represent and agree that the Agreement and the settlement terms hereof represent the compromise of disputed claims and that the terms, covenants and payments set forth in this Agreement are not and shall not be used or construed as evidence of an admission of any liability by a Party with regard to the validity of any allegations, or of a Party's liability with respect to any claims or allegations, or of any wrongdoing by the Parties or Released Parties whatsoever. In fact, all claims or actions resolved by this Agreement are expressly denied by the Parties. Any payments pursuant to this Agreement are being made in settlement of a disputed claim and are in no manner an admission of liability or wrongdoing as any liability is expressly denied by Employer. Moreover, the Agreement shall not be offered as evidence for any purpose in any other litigation or otherwise other than for the sole purpose of enforcing the terms of the Agreement or as required by applicable law or court order.

17. **Indemnification:** Employee agrees to defend, indemnify, and hold harmless the Released Parties for any claims asserted, whether formal or not, or liability incurred because of the Employee's conduct in failure to pay taxes, assessments, or reimbursements on any portion of the Settlement Amount described in Section 8. Employee's indemnification of the Released Parties includes any and all attorneys' fees, costs, judgments, fines, or penalties incurred by the Released Parties in connection with the foregoing. Employer agrees to defend, indemnify, and hold harmless the Employee for any claims asserted, whether formal or not, or liability incurred because of the Employer's conduct in failure to pay taxes, assessments, or reimbursements on any portion of the Settlement Amount described in Section 8. The Employer's indemnification of the Employee includes any and all attorneys' fees, costs, judgments, fines, or penalties incurred by the Employee in connection with the foregoing.

18. **No Assignment of Claims:** Employee represents and warrants that he is the sole and lawful owner of all rights, titles, and interests in and to all his respective released matters, claims and demands referred to herein. Employee further represents and warrants that there have been no assignments or other transfers of any interest in any such matters, claims or demands that Employee may have against the Employer.

Doc ID: bdbca4982f7e64996abb921387870df287358eec

19. **No Future Employment**: Employee acknowledges that Employer has no future obligation to employ him. Employee agrees that under no circumstance shall he knowingly seek, apply for, or accept future employment with Employer or its divisions, affiliates, subsidiaries, parents or related entities. Employee waives any and all rights they may have to seek or hold any such employment with Employer in any capacity and agrees that this Agreement is a legitimate, non-discriminatory reason not to hire him in the future and to terminate him if he is inadvertently hired in the future. If Employee applies for employment with Employer, Employer has the right to refuse to hire Employee. Employer shall not incur liability of any kind or nature by virtue of its refusal to hire Employee or to consider him for employment.

20. **Mutual Non-Disparagement and Neutral Reference:** The Parties agree to refrain from doing or saying anything to disparage each other or their agents, and specifically, although not limited to, agree to refrain from posting disparaging or negative comments about each other on social media or via other means. Employer agrees that in response to any inquiries by prospective employers of Employee, it will not provide any information other than positions held by Employee and the dates of their employment.

21. **Choice of Law:** The Parties also agree that this Agreement shall be interpreted, construed, and enforced in accordance with the laws of the State of Ohio without regard to its conflicts of law rules.

22. **Acknowledgements:** Employees acknowledge Employees have been represented by counsel for the negotiation and settlement of this matter, and that Employees understand the terms of this Agreement, and knowingly and voluntarily enter into it.

23. **Construction:** The Parties expressly agree and acknowledge that this Agreement is not to be construed against any of the Parties on the basis of which party drafted the Agreement.

24. **Counterparts:** This Agreement may be executed in counterparts, and may be signed electronically via PDF. When each Party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Agreement, which shall be binding upon and effective as to all Parties. Electronic and facsimile transmissions of this Agreement shall be deemed originals.

25. **Severability:** The Parties agree that the terms of this Agreement are intended to be severable. If any term, provision, clause or item of this Agreement is declared to be invalid or unenforceable by any court or administrative body of competent jurisdiction, the term, provision, clause or item should be reformed (if possible, or severed if not) to give maximum effect to the intentions of the Parties, and the remaining portions of the Agreement shall be enforced to give effect to the Parties' intentions to the maximum extent possible.

[CONTINUED ON NEXT PAGE]

**WHEREFORE**, the undersigned assert that they have read the foregoing FLSA Settlement Agreement and Release of Claims and declare that they have consulted with counsel and fully understand this Agreement and its legal significance and voluntarily sign it below to signify their agreement with its terms.

Date: 02 / 07 / 2024

_____
Charles Foley


Date: 2-28-24

_____
Wildcat Investments, LLC dba Jimmy John's
By (Print): Gregg Majewski
Its: Manager

5

Doc ID: bdbca4982f7e64996abb921387870df287358eec